10 CV 6517

**FILE NO.: 2527-1**

**DEORCHIS & PARTNERS, LLP**
61 Broadway, 19th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiff
TRAMP-SHIPPING BEFRACHTUNGSGESELLSCHAFT MBH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TRAMP-SHIPPING
BEFRACHTUNGSGESELLSCHAFT MBH                    10 Civ. ____ ( )

          Plaintiff,

   v.                                               *COMPLAINT*

PROBULK CARRIERS, LTD.

          Defendant(s).
---------------------------------------------------------------x

      Plaintiff TRAMP-SHIPPING BEFRACHTUNGSGESELLSCHAFT MBH (hereinafter "TRAMP-SHIPPING"), by its attorneys, DeOrchis & Partners, LLP, as and for its complaint against the Defendant, PROBULK CARRIERS, LTD. (hereinafter "PROBULK"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. 1333.

    2.    Jurisdiction is also invoked pursuant to 28 U.S.C. § 1332 (a)(2), this action being brought as between citizens or subjects of a foreign nation and citizens or subjects of the State of New York in a matter in controversy exceeding the sum or value of $75,000.

3. At all times material hereto, Plaintiff TRAMP-SHIPPING was and still is a foreign business entity duly organized pursuant to the laws of a foreign country and operating under foreign law with an address at Hallerstrasee 53, 20146 Hamburg, Germany.

4. Plaintiff TRAMP-SHIPPING is engaged in business as a broker for maritime contracts in exchange for payments of commissions.

5. At all material times hereto, Defendant PROBULK was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and place of business at 444 Madison Avenue, Suite 200, New York, NY 10022 and registered to do business in the state of New York.

6. Defendant PROBULK is engaged as a charterer and disponent owner of ocean going vessels and in the business of chartering and operating such vessels for the carriage of goods by sea.

### AS AND FOR A CAUSE OF ACTION FOR BREACH OF CONTRACT FOR BROKERAGE COMMISSION PAYMENTS DUE TO TRAMP-SHIPPING FOR FIXING CHARTER PARTY DATED AUGUST 18, 2007

7. Plaintiff TRAMP-SHIPPING provided brokerage services in connection with fixing a New York Produce Exchange Time Charter Party dated August 18, 2007, between Daeyang (HK) Shipping Co., Ltd., as disponent owners of the M/V IOANTHI, and Defendant PROBULK, as charterers of the M/V IOANTHI (hereinafter the "Daeyang Charter").

8. In consideration of Plaintiff TRAMP-SHIPPING's services in fixing the Daeyang Charter, PROBULK agreed to pay Plaintiff a brokerage commission of 0.625% on hire earned and paid under the Daeyang Charter, and also upon any continuation or extension of the Daeyang Charter.

9. Under the Daeyang Charter, the vessel was hired for a period of minimum 23 months up to maximum 25 months, and hire was to be paid at a rate of $36,500 per day/pro rata and was payable 15 days in advance.

10. During the first seventeen (17) hire payment periods of the Daeyang Charter, the brokerage commission of 0.625%, on hire earned and paid, was withheld by PROBULK from its hire payments to Daeyang and then paid to by PROBULK to Plaintiff TRAMP-SHIPPING.

11. For the remaining eleven (11) hire payment periods, however, wherein additional hire was earned and paid, PROBULK withheld from its hire payments to Daeyang the brokerage commission due to Plaintiff TRAMP-SHIPPING of 0.625%, but PROBULK then failed to remit the commission to Plaintiff, in breach of the brokerage agreement with Plaintiff.

12. Plaintiff has performed all of its duties under the brokerage agreement and has duly demanded payment of the unpaid brokerage commission from PROBULK in the amount of $30,704.15, which remains due and owing.

13. Defendant PROBULK's failure to make timely payment of the brokerage commission when it became due constitutes a breach of contract, by reason of which Plaintiff TRAMP-SHIPPING has suffered damages, as nearly as can now be estimated, in the amount in the amount of $30,704.15, plus interest, attorneys' fees and costs.

### AS AND FOR A CAUSE OF ACTION FOR BREACH OF CONTRACT FOR BROKERAGE COMMISSION PAYMENTS DUE TO TRAMP-SHIPPING FOR FIXING CHARTER PARTY DATED AUGUST 24, 2007

14. Plaintiff TRAMP-SHIPPING provided brokerage services in connection with fixing a New York Produce Exchange Time Charter Party dated August 24, 2007 between Defendant PROBULK, as disponent owners of the M/V IOANTHI, and Daewoo Logistics, as Charterers of the M/V IOANTHI (hereinafter "Daewoo Charter").

15. In consideration of Plaintiff TRAMP-SHIPPING's services in fixing the Daewoo Charter, Defendant PROBULK agreed to pay Plaintiff TRAMP-SHIPPING a commission of 1.25% on hire earned and paid under the Daewoo Charter, and also upon any continuation or extension of the Daewoo Charter.

16. Pursuant to the Daewoo Charter, the vessel was hired for a period of minimum 11 months up to about 13 months, and hire was to be paid at a rate of $40,550 per day/pro rata and was payable 15 days in advance.

17. During the first seventeen (17) hire payment periods of the Daewoo Charter, Defendant PROBULK paid the brokerage commission of 1.25%, on hire earned and paid, to Plaintiff TRAMP-SHIPPING.

18. For the remaining eleven (11) hire payments periods, however, wherein hire was earned and paid to Defendant PROBULK, PROBULK failed to pay the brokerage commission to Plaintiff, in breach of the brokerage agreement with Plaintiff.

19. Plaintiff performed all of its duties under the brokerage agreement and has duly demanded payment of the unpaid brokerage commission from PROBULK in the amount of $47,403.40, which remains due and owing.

20. Defendant PROBULK's failure to make timely payment of the commission when it became due constitutes a breach of contract, by reason of which Plaintiff TRAMP-SHIPPING has suffered damages, as nearly as can now be estimated, in the amount of $47,403.40, plus interest, attorneys' fees and costs.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer the Complaint;

4

B.  That the Court enter judgment in favor of the Plaintiff for the amount of its claim, *i.e.*, $78,107.55, plus interest, attorneys' fees, and costs.

C.  That Plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: New York, New York
September 1, 2010

> **DEORCHIS & PARTNERS, LLP**
> Attorneys for Plaintiff
> TRAMP-SHIPPING
> BEFRACHTUNGSGESELLSCHAFT MBH
>
> By: _____
> William E. Lakis (WEL-9355)
> wlakis@marinelex.com
> 61 Broadway, 19th Floor
> New York, New York 10006-2802
> (212) 344-4700
> Our File: 2527-1