Chalos O'Connor & Duffy, LLP
Attorneys for Defendant
Probulk Carriers, Ltd.
366 Main Street
Port Washington, New York
11050
(516) 767-3600

------------------------------------------------------x
TRAMP-SHIPPING                              :
BEFRACHTUNGSGELLSCHAFFT MBH                  :
                                             :        Civil Action No. 10 CV 6517 (RJH)
                    Plaintiff,               :
                                             :
                                             :
        versus                               :               ANSWER
                                             :                 and
                                             :            COUNTERCLAIM
PROBULK CARRIERS, LTD.,                       :
                                             :
                                             :
                    Defendant.               :
------------------------------------------------------x

Defendant, PROBULK CARRIERS, LTD. (hereinafter "PROBULK CARRIERS"),

by and through its attorneys, Chalos, O'Connor & Duffy LLP, as and for an Answer to

the Complaint filed by Plaintiff, TRAMP-SHIPPING BEFRACHTUNGSGELLSCHAFFT

MBH (hereinafter "TRAMP-SHIPPING") and as and for a Counterclaim against

TRAMP-SHIPPING, hereby alleges as follows:

## AS AND FOR
## AN ANSWER TO THE COMPLAINT

1.    Plaintiff PROBULK CARRIERS denies the allegations set forth in

paragraph 1 of the Complaint.

2.      Plaintiff PROBULK CARRIERS denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

3.      Plaintiff PROBULK CARRIERS denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint.

4.      Plaintiff PROBULK CARRIERS denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint.

5.      Plaintiff PROBULK CARRIERS denies it maintains an office and place of business at 444 Madison Avenue, Suite 200, New York, N.Y. 10022. Except as so specifically denied, Plaintiff PROBULK CARRIERS admits the remaining allegations set forth in paragraph 5 of the Complaint and further states that it maintains an office and place of business at 1215 Fifth Avenue, Suite 4A, New York, New York 10029.

6.      Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 6 of the Complaint.

7.      Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 7 of the Complaint.

8.      Plaintiff PROBULK CARRIERS denies the allegations set forth in paragraph 8 of the Complaint.

9.      Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 9 of the Complaint.

10.     Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 10 of the Complaint.

11.     Plaintiff PROBULK CARRIERS denies the allegations set forth in paragraph 11 of the Complaint.

12.     Plaintiff PROBULK CARRIERS denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint.

13.     Plaintiff PROBULK CARRIERS denies the allegations set forth in paragraph 13 of the Complaint.

14.     Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 14 of the Complaint.

15.     Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 15 of the Complaint.

16.     Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 16 of the Complaint.

17.     Plaintiff PROBULK CARRIERS admits the allegations set forth in paragraph 17 of the Complaint.

18.     Plaintiff PROBULK CARRIERS denies the allegations set forth in paragraph 18 of the Complaint.

19.     Plaintiff PROBULK CARRIERS denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Complaint.

20.     Plaintiff PROBULK CARRIERS denies the allegations set forth in paragraph 20 of the Complaint.

## AS AND FOR
## AFFIRMATIVE DEFENSES TO THE COMPLAINT

21.     The Complaint fails to state a cause of action upon which relief can be granted.

22.     This Court's admiralty and maritime jurisdiction has been improperly invoked, and the New York state substantive law provides the decisional law of the case.

23.     Plaintiff TRAMP –SHIPPING's  cause of action for breach of contract for broker commission payments for fixing a Time Charter Party dated August 18, 2008, as set forth in ¶s 7to 13 of the Complaint, is barred by the statute of frauds, N.Y. Gen. Oblig. L. § 5-701 (McKinney 1978).

24.     Alternatively, if the Plaintiff TRAMP-SHIPPING is claiming to be a party to or a third party beneficiary of the Time Charter Party dated August 18, 2008, which is denied, the Time Charter Party dated August 18, 2008 specifically provides that "all disputes arising out of this contract which cannot be amicably resolved shall be referred to arbitration in London" with "English law to apply" and, therefore, this Court should decline to exercise any jurisdiction over the Plaintiff TRAMP-SHIPPING's cause of action for breach of contract for broker commission payments for fixing a Time Charter Party dated August 18, 2008, as set forth in ¶s 7to 13 of the Complaint.

4

25.     In any event, the Defendant PROBULK CARRIERS did not contract with the Plaintiff to pay commission for fixing the Charter Party dated August 18, 2007, the Defendant PROBULK CARRIERS never agreed to pay Plaintiff TRAMP-SHIPPING a commission for fixing the Charter Party dated August 18, 2007 and the Defendant PROBULK CARRIERS is not obligated to pay a commission to Plaintiff for fixing the Charter Party dated August 18, 2007.

26.     Any further commission payments which may be due to the Plaintiff TRAMP-SHIPPING for fixing the Time Charter Party dated August 18, 2007, which is denied, are the sole responsibility of third persons who are not parties to this action and over whom Defendant PROBULK CARRIERS did not have direction or control and the Defendant PROBULK CARRIERS is not responsible for the obligations of said third persons who are not parties to this action.

27.     Plaintiff TRAMP –SHIPPING's cause of action for breach of contract for broker commission payments for fixing a Time Charter Party dated August 24, 2008, as set forth in ¶s 14 to 20 of the Complaint, is barred by the statute of frauds, N.Y. Gen. Oblig. L. § 5-701 (McKinney 1978).

28.     Alternatively, if the Plaintiff TRAMP-SHIPPING is claiming to be a party to or a third party beneficiary of the Time Charter Party dated August 24, 2008, which is denied, the Time Charter Party dated August 24, 2008 specifically provides that "all disputes arising out of this contract which cannot be amicably resolved shall be referred to arbitration in London" with "English law to apply" and, therefore, this Court should decline to exercise any jurisdiction over the Plaintiff TRAMP-SHIPPING's cause of action for breach of contract for broker commission

payments for fixing a Time Charter Party dated August 24, 2008, as set forth in ¶s 14 to 20 of the Complaint.

29.     In any event, the Plaintiff TRAMP-SHIPPING has been paid all brokerage commission payments due to TRAMP-SHIPPING for fixing the Time Charter Party dated August 18, 2007 because the plain language of the Time Charter Party dated August 24, 2007 provides that commission payments are only due on "hire earned and paid", the Plaintiff TRAMP-SHIPPING has been paid all brokerage commission payments on all "hire earned and paid" and, therefore, no further commission payments are due and owing to the Plaintiff TRAMP-SHIPPING for fixing the Charter Party dated August 18, 2007.

30.     Alternatively, and with respect to both the Time Charter Party dated August 18, 2007 and the Time Charter Party dated August 24, 200, any damages suffered by the Plaintiff TRAMP-SHIPPING as alleged in the Complaint, which is denied, were proximately, directly, and solely caused by the negligence of and breach of contract on the part of the Plaintiff TRAMP-SHIPPING and/or the acts of third persons who are not parties to this action, and over whom Defendant PROBULK CARRIERS did not have direction or control or whom the Defendant PROBULK CARRIERS is not responsible for.

## AS AND FOR
## A COUNTERCLAIM AGAINST PLAINTIFF TRAMP-SHIPPING

31.     Defendant PROBULK CARRIERS realleges and incorporates by reference each and every answer, response and affirmative defense set forth in the preceding paragraphs 1 through 30.

32.    In August of 2007, the Defendant PROBULK CARRIERS engaged the services of the Plaintiff TRAMP-SHIPPING, and specific services that were engaged included finding a suitable and appropriate party to subcharter the M/V IOANTHI from Plaintiff PROBULK CARRIERS and to broker a Time Charter Party agreement between the Plaintiff PROBULK CARRIERS and a suitable subcharterer.

33.    In August of 2007, the legal relationship between the Defendant PROBULK CARRIERS and the Plaintiff TRAMP-SHIPPING was that of principal and agent pursuant to contract.

34.    In the contractual agreement between the Defendant PROBULK CARRIERS and the Plaintiff TRAMP-SHIPPING, there was an implied term which required the Plaintiff TRAMP-SHIPPING to carry out its duties with reasonable care and skill.

35.    In furtherance of the contract between the Defendant PROBULK CARRIERS and the Plaintiff TRAMP-SHIPPING, the Plaintiff TRAMP-SHIPPING identified, located and presented non-party Daewoo Logistics of Seoul, Korea to Defendant PROBULK CARRIERS as a suitable contract partner to subcharter the M/V IOANTHI from the Defendant PROBULK CARRIERS.

36.    The non-party Daewoo Logistics of Seoul, Korea was not an appropriate or suitable contract partner to subcharter the M/V IOANTHI from the Defendant PROBULK CARRIERS because, although Daewoo Logistics paid hire at the rate of US$40,550 per day for the use of the M/V IOANTHI for some 17 bi-monthly hire periods beginning on or about January of 2008, Daewoo Logistics was not financially stable, it was forced to declare bankruptcy before the completion of the

charter period that was agreed to between Defendant PROBULK CARRIERS and Daewoo Logistics and, eventually, Daewoo Logistics defaulted on its obligations to make hire payments to Plaintiff PROBULK CARRIERS for the use of the M/V IOANTHI.

37.     The actions of Plaintiff TRAMP-SHIPPING in selecting and presenting Daewoo Logistics as an appropriate and suitable subcharterer of the M/V IOANTHI were negligent and in breach of Plaintiff TRAMP-SHIPPING's obligation to carry out its duties with reasonable care and skill because the Plaintiff TRAMP-SHIPPING did not exercise due diligence to ensure that Daewoo Logistics was a suitable contract partner for Defendant PROBULK CARRIERS.

38.     As a direct and proximate consequence of Plaintiff TRAMP-SHIPPING's negligence and breach of duty in carrying out its duties with reasonable care and skill, the Defendant PROBULK CARRIERS suffered damages primarily related to the non-payment of hire for the full term of the charter  party between Defendant PROBULK CARRIERS and Daewoo Logistics.

39.     As near as can now be estimated, the damages suffered by the Defendant PROBULK CARRIERS from Plaintiff TRAMP-SHIPPING's negligence and breach of contract amount to the sum of $2,022,148.87.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant PROBULK CARRIERS prays for relief as follows:

A  An Order Dismissing the Complaint herein, together with any claim for the costs and disbursements of this action;

B   An Order Awarding the Defendant its legal expenses and attorneys' fees incurred in defending the present action;

C   An Order entering judgment on the Counterclaim against Plaintiff TRAMP-SHIPPING and in favor of Defendant PROBULK CARRIERS for the amount of the counterclaim, *i.e.* $2,022,148.87, plus interest, costs and attorneys' fees; and,

D   For such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated:   Port Washington, New York
         October 8, 2010

                              Chalos O'Connor & Duffy
                              Attorneys for Defendant,
                              PROBULK CARRIERS LTD.

                   By:        _____
                              Owen F. Duffy
                              366 Main Street
                              Port Washington, New York
                              11050
                              Tel:    516-767-3600
                              Telefax: 516-767-3605